J. S15044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DARRYL H. DICKSON, : No. 1826 EDA 2017
:
Appellant :

Appeal from the PCRA Order, May 16, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-020501-1983

BEFORE: STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED APRIL 24, 2018**

Appellant, Darryl Dickson, appeals *pro se*, from the May 16, 2017 order dismissing his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

The PCRA court provided the following procedural history:

> On September 8, 1983, [appellant] pled guilty to murder generally, criminal conspiracy, robbery, and possessing an instrument of crime before the Honorable Juanita Kidd Stout. Judge Stout found [appellant] guilty of second degree murder and sentenced him to life imprisonment. He was sentenced to an aggregate sentence of twelve and [one-]half (12½) to thirty (30) years for the lesser offenses. No direct appeal was filed.
>
> On February 24, 2004, [appellant] filed his first *pro se* [PCRA] petition. Counsel was appointed, and subsequently filed a *Turner*/[*Finley*] no-merit letter to the court.[Footnote 2] On November 30, 2004, the PCRA petition was dismissed. The Pennsylvania

> Superior Court affirmed the PCRA court's decision on November 10, 2005.[Footnote 3] [Appellant] did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.
>
>> [Footnote 2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).
>>
>> [Footnote 3] **Commonwealth v. Dickson**, 890 A.2d 1097 (Pa.Super. 2005) (unpublished memorandum).
>
> The instant petition was filed on August 13, 2012, followed by several amended petitions dated March 11, 2016, March 22, 2016, and August 17, 2016. Pursuant to Pa.R.Crim.P. 907, [the PCRA] court sent a notice of intent to dismiss the petition as untimely without exception on March 7, 2017. [Appellant] did not file a response to the 907 notice. [The PCRA] court formally dismissed the petition on May 16, 2017. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on June 6, 2017.

PCRA court opinion, 7/25/17 at 1-2 (footnote 4 omitted). The PCRA court did not order appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on July 25, 2017.

Appellant challenges the constitutionality of his sentence of life imprisonment. (Appellant's brief at 1.) Specifically, appellant maintains that his sentence is unconstitutional pursuant to the Supreme Court of the United States' holdings in **Miller v. Alabama**, 567 U.S. 460 (2012); **Alleyne v.**

*United States*, 570 U.S. 99 (2013); and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). (*See* appellant's brief *in passim*.)

Having determined, after careful review, that the Honorable Tracy Brandeis-Roman, in her Rule 1925(a) opinion of July 25, 2017, ably and comprehensively disposes of appellant's issues on appeal, with appropriate references to the record and without legal error, we will affirm on the basis of that opinion dismissing appellant's serial PCRA petition as untimely. Additionally, appellant was 21 years of age at the time of the offense.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/18

COURT OF COMMON PLEAS OF PHILADLEPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

DARRYL DICKSON

CP-51-CR-0205701-1983
1826 EDA 2017

OPINION

TRACY BRANDEIS-ROMAN, J.                    Date: July 25, 2017

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on August 13, 2012. On May 16, 2017, the lower court dismissed the PCRA petition and supplemental filings for the reasons set forth below.

## I.  PROCEDURAL HISTORY

On September 8, 1983, Petitioner pled guilty to murder generally, criminal conspiracy, robbery, and possessing an instrument of crime before the Honorable Juanita Kidd Stout. Judge Stout found Petitioner guilty of second degree murder and sentenced him to life imprisonment. He was sentenced to an aggregate sentence of twelve and half (12 ½) to thirty (30) years for the lesser offenses. No direct appeal was filed.

On February 24, 2004, Petitioner filed his first *pro se* Post Conviction Relief Act petition. Counsel was appointed, and subsequently filed a *Turner/Finely* no-merit letter to the court.[2] On November 30, 2004, the PCRA petition was dismissed. The Pennsylvania Superior Court affirmed the PCRA court's decision on November 10, 2005.[3] Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] *Commonwealth v. Dickson*, 890 A.2d 1097 (Pa. Super. 2005)(unpublished memorandum).


CP-51-CR-0205701-1983 Comm. v. Dickson, Darryl
Opinion


7979129671

The instant petition was filed on August 13, 2012, followed by several amended petitions dated March 11, 2016, March 22, 2016, and August 17, 2016. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of intent to dismiss the petition as untimely without exception on March 7, 2017. Petitioner did not file a response to the 907 notice. This court formally dismissed the petition on May 16, 2017.[4] Petitioner timely filed a notice of appeal to the Pennsylvania Superior Court on June 6, 2017.

## II. DISCUSSION

Petitioner's PCRA petition challenging the constitutionality of his sentence was facially untimely. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. §9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on or about October 8, 1983, thirty (30) days after the time period for filing an appeal in the Pennsylvania Superior Court expired. Petitioner's *pro se* petition, filed on August 13, 2012 was therefore untimely by over twenty-eight (28) years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. *Id.* § 9545(b)(1).To invoke an exception, a petition must allege and Petitioner must prove:

---

[4] The order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

2

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In an attempt to invoke the newly recognized constitutional right exception, Petitioner argued that he was eligible for relief in accordance with the United States Supreme Court decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012). In his amended petitions, he stated the United States Supreme decision in *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016) afforded him relief because it rendered the holding in *Alleyne v. United States,* 133 S. Ct. 2151 (2013) retroactive. Petitioner was incorrect in his assessments.

The Supreme Court of the United States held that mandatory life sentences without parole for juvenile offenders convicted of murder violated the 8th Amendment's prohibition on cruel and unusual punishment. *See Miller*, 132 S. Ct. at 2460 (2012) ("We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"). The United States later held in *Montgomery* that this constitutional right was to be applied retroactively to cases on collateral review. However, those petitioning for relief under either case must have been under the age of eighteen (18) at the time of their offense in order to be eligible for relief. Here, Petitioner fully admits in his petition that he was twenty-one (21) years old at the time of his offense, thus making him ineligible for relief. PCRA Petition, 3/22/16 at 19.

Moreover, Petitioner was not eligible for relief under *Alleyne.* The United States Supreme

3

Court in *Alleyne* held "[M]andatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2153. While the United States Supreme Court was silent on the retroactivity of *Alleyne*, the Pennsylvania Supreme Court has unequivocally held that the decision in *Alleyne* did not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post conviction relief proceedings. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016) (addressing the retroactivity of *Alleyne*).

With regard to *Montgomery*, its decision was carefully limited to only giving the *Miller* decision retroactive effect. The *Montgomery* holding specifically addressed juvenile offenders convicted of homicide, and sentenced to life imprisonment without parole. In this instance, Petitioner was not a juvenile at the time of his offense. Therefore, the decision in *Montgomery* neither applied to his case, nor was it applicable to the *Alleyne* decision.

## III. CONCLUSION

This court has evaluated Petitioner's untimely filings and determined them to be without exception. Petitioner failed to satisfy his burden of establishing an exception to the PCRA's statutory time bar. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

BY THE COURT:

TRACY BRANDEIS-ROMAN, J.

4